UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROCCO COLACITTI, GABRIELE
MARONGIU, MORENO SCHEMBARI
and COSIMO PICCI,

       Plaintiffs,

v.                                       Case No:  2:16-cv-232-FtM-99CM

ALBERTO'S RESTAURANT, LLC
and ALBERTO VARETTA,

       Defendants.
_____/

## REPORT AND RECOMMENDATIONS[1]

This matter comes before the Court upon review of the Joint Motion to Approve FLSA Settlement and Dismiss Case With Prejudice (Doc. 19)[2] filed on August 17, 2016. The parties provided copies of the Settlement Agreements for the Court's review. Doc. 19-1, Doc. 19-2, Doc. 19-3, Doc. 19-4. The parties request that the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the

parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355. In determining the reasonableness of a settlement, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits: (5) the range of possible recovery; and (6) the opinions of the counsel. *See Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

In this case, Plaintiffs Rocco Colacitti, Gabrielle Marongiu, Cosimo Picci, and Moreno Schembari were former employees who worked as servers in Defendants' restaurant. Doc. 8 ¶¶ 17-20. Plaintiffs filed their Amended Complaint alleging that Defendants violated the Fair Standards Labor Act ("FLSA") by failing to pay overtime and minimum wages and Article X, Section 24 of the Florida Constitution and its implementing statute, Section 448.110, by failing to pay the applicable Florida minimum wage. Doc. 8. In their responses to the Court's interrogatories, although Plaintiffs did not quantify the amount that each of them is seeking, each responded that in the weeks they worked overtime, they frequently worked no more than fifteen

hours of overtime per week.  Doc. 17-1 at 1, 3, 5, 8.  Moreover, each claimed that they were compensated "an amount per hour that was $3.02 less than the hourly minimum wage."  *Id.* at 2, 4, 6, 8.

The parties inform the Court that they have reached a settlement agreement the terms of which includes a total payment of $117,000.00 by the Defendants, which includes attorneys' fees that were negotiated separately from the amount to be paid to Plaintiffs.  Doc. 19 at 2.  Specifically, Defendant agrees to pay Colacitti the total sum of $51,339.84, inclusive of $4,609.19 in attorney's fees and costs.  Doc. 19 at 2; Doc. 19-1 ¶ 1.  Defendant agrees to pay Marongiu the total sum of $10,877.11, inclusive of $4,609.19 in attorney's fees and costs.  Doc. 19 at 2; Doc. 19-2 ¶ 1.  Defendant agrees to pay Picci the total sum of $18,216.94, inclusive of $4,609.19 in attorney's fees and costs.  Doc. 19 at 2; Doc. 19-3 ¶ 1.  Defendant further agrees to pay Schembari the total sum of $36,566.11, inclusive of $4,609.19 in attorney's fees and costs.  Doc. 19 at 2; Doc. 19-4 ¶ 1.

The parties have provided sufficient information to the Court in the form of a detailed memorandum and proposed settlement agreements to enable it to determine that proposed settlement is reasonable.  *See* Doc. 19.  To summarize, the parties state that they engaged in significant document production and review, and their attorneys spent considerable time interpreting the documents and extrapolating their meaning.  Doc. 19 at 3.  The parties differed on whether Plaintiffs were tipped employees, whether Defendants were entitled to take a "tip credit" against Plaintiffs' minimum wages, whether Plaintiffs were entitled to recoupment of tips allegedly

taken by Defendants, whether Defendants altered any of Plaintiffs' time records, whether Plaintiffs would be entitled to liquidated damages, and whether the individual Defendant was indeed an "employer" within the meaning of the FLSA. Doc. 19.  The attorneys engaged in face-to-face discussions about the strengths and the weaknesses of the parties' respective positions, and Plaintiffs were involved in the settlement discussions and in fashioning settlement terms acceptable to them. Doc. 19 at 8.  Ultimately, because of the expense and likely duration of litigation, the uncertainty of prevailing on their claims, and taking into consideration Defendants' financial instability, the parties stipulate that the agreement is fair and reasonable. *Id.*  Upon a review of their motion and the settlement agreements, the Court concurs. Moreover, Plaintiffs are represented by independent counsel and there is no suggestion that there is any collusion behind the settlement.  Additionally, the Amended Complaint was filed on April 4, 2016, and an agreement reached nearly four months later.  Doc. 8.  Counsel for the parties opine that if litigation proceeded, nearly ten to fifteen dispositions would need to be taken in this case within and outside the state of Florida and the parties would have to file time consuming motions for summary judgment.  Doc. 19 at 8.

Based on the parties' representations, the Court's review of the settlement agreements and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.  Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the

case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

With respect to attorneys' fees, the parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Doc. 19 at 2. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Thus, having reviewed the settlement agreements, the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The Court notes, however, that the parties have included certain non-monetary provisions, which in some circumstances may render the agreement unfair. The

settlement agreements include general releases of claims and a non-disparagement clauses.  Doc. 19-1 ¶¶ 2-3; Doc. 19-2 ¶¶ 2-3; Doc. 19-3 ¶¶ 2-3; Doc. 19-4 ¶¶ 2-3.  In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."  Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).  Additionally, "[p]rovisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment."  Housen v. Econosweep & Maint. Servs., Inc., No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013).

Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.  Weldon v. Backwoods Steakhouse, Inc., 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); Buntin v. Square Foot Management Company, LLC, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); Raynon v. RHA/Fern Park MR., Inc., 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).  In Weldon, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA

settlement. *Weldon*, 2014 WL 4385593, at *4. In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3.

In this case, in exchange for each Plaintiff's general release of claims, Defendant is providing a mutual release. Doc. 19-1 ¶ 2; Doc. 19-2 ¶ 2; Doc. 19-3 ¶ 2; Doc. 19-4 ¶ 2. In addition, in each settlement agreement, the non-disparagement clauses are mutual. Doc. 19-1 ¶ 3; Doc. 19-2 ¶ 3; Doc. 19-3 ¶ 3; Doc. 19-4 ¶ 3. Defendant also agrees to provide a neutral employment reference for each Plaintiff. *Id*. The Court finds that the general releases and non-disparagement clauses were supported by independent consideration. Under these circumstances, therefore, the Court finds that the settlement agreements are fair and reasonable, with one exception, to be discussed below.

Each settlement agreement contains a confidentiality provision, which must be stricken. Pursuant to *Dees v. Hydradry, Inc.*, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (order adopting report and recommendation)

(recommending striking non-disclosure provision in FLSA settlement as contrary to congressional intent and frustrating the purpose of the FLSA) (quoting *Dees*, 706 F. Supp. 2d at 1242). In fact, "courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Pariente,* 2014 WL 6389756, at *5 (citing cases). In this case, the parties specifically contemplated the likelihood that the Court may not approve their settlement agreements because they contain the confidentiality provisions. Thus, each agreement contains the following provision: "in such a case, the parties agree and acknowledge that such provision shall automatically be stricken so that the Court can, nonetheless approve this Agreement without the offending provision, and so the parties need not execute a new, written Agreement." Doc. 19-1 ¶ 4; Doc. 19-2 ¶ 4; Doc. 19-3 ¶ 4; Doc. 19-4 ¶ 4. Moreover, each agreement contains a severability provision. Doc. 19-1 ¶ 8; Doc. 19-2 ¶ 8; Doc. 19-3 ¶ 8; Doc. 19-4 ¶ 8. Accordingly, the confidentiality provision contained within each agreement is due to be stricken; otherwise the agreements are fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Joint Motion to Approve FLSA Settlement and Dismiss Case With Prejudice (Doc. 19) be **GRANTED** and the Settlement Agreements (Doc. 19-1, Doc. 19-2, Doc. 19-3, Doc. 19-4) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA, except that the confidentiality provision in each agreement be **STRICKEN**.

  2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

  **DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of September, 2016.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record